**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL ABRAHAM, <br> BRUCE J. SPAGNOLA JR., <br> 9337 SERIES OF THE PAPER STREET <br> GROUP LLC, CHICAGO TITLE LAND TRUST <br> 8002387265, CHICAGO TITLE LAND TRUST <br> 8002387264, CHICAGOLAND REINVESTMENT <br> GROUP, LLC, LUXE RENTALS I LLC, LUXE <br> RENTALS II LLC, LUXE RENTALS III LLC, <br> LUXE RENTALS IV LLC, and PAPER STREET <br> GROUP LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HOME365, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:22-cv-7128 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs, MICHAEL ABRAHAM, BRUCE J. SPAGNOLA JR., 9337 SERIES OF THE

PAPER STREET GROUP, LLC, CHICAGO TITLE LAND TRUST 8002387265, CHICAGO

TITLE LAND TRUST 8002387264, CHICAGOLAND REINVESTMENT GROUP, LLC, LUXE

RENTALS I LLC, LUXE RENTALS II, LLC, LUXE RENTALS III, LLC, LUXE RENTALS IV,

LLC, and PAPER STREET GROUP, LLC (collectively "Plaintiffs"), by and through their

undersigned attorneys, bring this action on behalf of themselves against Defendant, HOME365,

LLC. and states as follows:

### I.    PARTIES

1.     Plaintiff, Michael Abraham is a resident of Orange County, Florida.

2.     Plaintiff, Bruce J. Spagnola Jr. is a resident of Lake County, Indiana.

3.     Plaintiff, 9337 Series of the Paper Street Group, LLC is an Illinois Limited Liability Company with its principal place of business located in Cook County, Illinois, whose members are citizens of and domiciled in Illinois.

4.     Plaintiff, Chicago Title Land Trust 8002387265 is an Illinois Land Trust whose Trustee is domiciled in Illinois.

5.     Plaintiff, Chicago Title Land Trust 8002387264 is an Illinois Land Trust whose Trustee is domiciled in Illinois.

6.     Plaintiffs, Chicagoland Reinvestment Group, LLC is an Illinois Limited Liability Company with its principal place of business located in Cook County, Illinois, whose members are citizens of and domiciled in Illinois.

7.     Plaintiff, Luxe Rentals I, LLC is an Illinois Limited Liability Company with its principal place of business located in Cook County, Illinois, whose members are citizens of and domiciled in Illinois.

8.     Plaintiff, Luxe Rentals II, LLC is an Illinois Limited Liability Company with its principal place of business located in Cook County, Illinois, whose members are citizens of and domiciled in Illinois.

9.     Plaintiff, Luxe Rentals III, LLC is an Illinois Limited Liability Company with its principal place of business located in Cook County, Illinois, whose members are citizens of and domiciled in Illinois.

10.     Plaintiff, Luxe Rentals IV, LLC is an Illinois Limited Liability Company with its principal place of business located in Cook County, Illinois, whose members are citizens of and domiciled in Illinois.

11. Plaintiff, Paper Street Group, LLC is an Illinois Limited Liability Company with its principal place of business located in Cook County, Illinois, whose members are citizens of and domiciled in Illinois.

12. Defendant, HOME365, LLC ("Home365"), is a Delaware Limited Liability Company whose members of domiciled in and citizens of Pennsylvania.

## II.     JURISDICTION AND VENUE

13. Jurisdiction is proper in this Court pursuant to 735 ILCS 5/2-209(a)(7) in that the contracts at issue are all substantially connected to the State of Illinois.

14. The United States Court for the Northern District of Illinois, Eastern Division, has jurisdiction over this matter because sufficient diversity of citizenship exists between the parties, and the aggregate amount in controversy exceeds $75,000, exclusive of interest and costs.

15. The Court has personal jurisdiction over Defendants because they are authorized to do business in this District and, with respect to the properties identified below, regularly conduct business in this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this District.

## III.    ALLEGATIONS COMMON TO ALL COUNTS

17. Starting October 8, 2021, Luxe Rentals IV, LLC appointed PAPER STREET REALTY, LLC. ("Paper Street Properties" or "PSP") as Managing Agent for its property located at 3145 N. Keating Ave., Chicago, IL 60641. (A true and correct copy of this agreement is attached hereto as Exhibit "1").

18.     Starting October 8, 2021, Chicagoland Reinvestment Group, LLC appointed PSP as Managing Agent for its property located at 500 W 144th St Riverdale, IL 60827. (A true and correct copy of this agreement is attached hereto as Exhibit "2").

19.     Starting April 1, 2021, Michael Abraham appointed PSP as Managing Agent for its property located at 2709 W Belden Ave Unit 2 Chicago, IL 60647. (A true and correct copy of this agreement is attached hereto as Exhibit "3").

20.     Starting January 25, 2022, Bruce J. Spagnola Jr. appointed PSP as Managing Agent for its property located at 1431-1433 Kennedy Ave, Schererville, IN 46375. (A true and correct copy of this agreement is attached hereto as Exhibit "4").

21.     Starting January 1, 2022, Bruce J. Spagnola Jr. appointed PSP as Managing Agent for its property located at 2635 44th St, Highland, IN 46322. (A true and correct copy of this agreement is attached hereto as Exhibit "5").

22.     Starting January 1, 2020, Luxe Rentals II, LLC appointed PSP as Managing Agent for its property located at 2440 W Madison St, Chicago, IL 60612. (A true and correct copy of this agreement is attached hereto as Exhibit "6").

23.     Starting December 4, 2020, Luxe Rentals IV, LLC appointed PSP as Managing Agent for its property located at 4014 W Cornelia Ave, Chicago, IL 60641. (A true and correct copy of this agreement is attached hereto as Exhibit "7").

24.     Starting February 10, 2021, Luxe Rentals II, LLC appointed PSP as Managing Agent for its property located at 4155 W Roscoe St, Chicago, IL 60641. (A true and correct copy of this agreement is attached hereto as Exhibit "8").

25.     Starting December 2, 2020, 9337 Series of the Paper Street Group LLC appointed PSP as Managing Agent for its property located at 4317-19 S Michigan Ave, Chicago, IL 60653. (A true and correct copy of this agreement is attached hereto as Exhibit "9").

26.     Starting January 27, 2022, Paper Street Group LLC appointed PSP as Managing Agent for its property located at 5635-39 W Wellington Ave, Chicago, IL 60634. (A true and correct copy of this agreement is attached hereto as Exhibit "10").

27.     Starting November 12, 2021, Chicago Title Land Trust 8002387265 appointed PSP as Managing Agent for its property located at 5852 W Irving Park Rd., Chicago, IL 60634. (A true and correct copy of this agreement is attached hereto as Exhibit "11").

28.     Starting November 12, 2021, Chicago Title Land Trust 8002387264 appointed PSP as Managing Agent for its property located at 6805 W Montrose Ave., Harwood Heights, IL 60706. (A true and correct copy of this agreement is attached hereto as Exhibit "12").

29.     Starting January 1, 2020, Luxe Rentals I, LLC appointed PSP as Managing Agent for its property located at 3429 171st St., Lansing, IL 60438. (A true and correct copy of this agreement is attached hereto as Exhibit "13").

30.     Starting January 1, 2021, Luxe Rentals III, LLC appointed PSP as Managing Agent for its property located at 2328 N Lawndale Ave., Chicago, IL 60647. (A true and correct copy of this agreement is attached hereto as Exhibit "14").

31.     Starting January 1, 2021, Luxe Rentals III, LLC appointed PSP as Managing Agent for its property located at 4624-26 Evans Ave., Chicago, IL 60653. (A true and correct copy of this agreement is attached hereto as Exhibit "15").

32.     Starting January 1, 2021, Luxe Rentals IV, LLC appointed PSP as Managing Agent for its property located at 1942 N. Pulaski, Chicago IL 60639. (A true and correct copy of this agreement is attached hereto as Exhibit "16").

33.     Starting January 1, 2021, Luxe Rentals IV, LLC appointed PSP as Managing Agent for its property located at 3815 W. Diversey Ave, Chicago, IL 60618. (A true and correct copy of this agreement is attached hereto as Exhibit "17").

34.     Starting August 1, 2017, Bruce J. Spagnola Jr. appointed PSP as Managing Agent for its property located at 3046 188th Street, Lansing, IL 60438. (A true and correct copy of this agreement is attached hereto as Exhibit "18").

35.     On or about April 14, 2022, PSP assigned each of its contracts to Home365 with the consent of all parties to each contract and Home365 became the Management Agent each of the properties identified in Paragraphs 17-34. (Exhibits 1-18)

36.     Home365 agreed to "furnish the services of its organization for the leasing and management of the" properties identified in Paragraphs 17-34.

37.     Home365 agreed to "collect (and give receipts for, as required by law or ordinance) all rents, charges and other amounts receivable on Owner's account in connection with the management and operation of the" properties identified in Paragraphs 17-34.

38.     Home365 agreed to "use all reasonable efforts to keep the [properties identified in Paragraphs 17-34] rented by procuring tenants for the [properties identified in Paragraphs 17-34]."

39.     Home365 agreed to be responsible for "all ordinary repairs and replacements reasonably necessary to preserve the [properties identified in Paragraphs 17-34] in good operating and habitable condition and for the operating efficiency of the [properties identified in Paragraphs

17-34], and all alterations required to comply with lease requirements, governmental regulations, or insurance requirements, including, without limitation, Section 8 housing requirements."

40.     Home365 agreed to be responsible for providing accurate periodic "statement[s] of cash receipts and disbursements from the operation of the" properties identified in Paragraphs 17-34.

41.     Home365 failed to timely respond to requests regarding Chicago Housing Authority's Housing Choice Voucher (HCV) Program leading to a loss of occupancy in properties identified in Paragraphs 17-34.

42.     Home365 failed to send executed lease agreements to Housing Authority of Cook County (HACC) resulting in delays in rental payments of multiple months including one that remains unpaid as of this filing.

43.     Home365 submitted incomplete or erroneous Section 8 moving papers to Chicago Housing Authority causing loss of occupancy of multiple rental units.

44.     Home365 has failed to use reasonable efforts to lease properties identified in Paragraphs 17-34.

45.     Home365 failed to pay Plaintiffs cash draws based on collected rents.

46.     Home365 has failed to use reasonable efforts to collect rents and administrative fees for properties identified in Paragraphs 17-34.

47.     Home365 improperly charged management fees that were not agreed upon and refused to provide accounting ledgers documenting said fees.

48.     Home365 improperly charged for termination fees that were not agreed upon and refused to provide accounting ledgers documenting said fees.

49.     Home365 improperly charged for "material transfer fess" that were not agreed upon and refused to provide accounting ledgers documenting said fees.

50.     For at least one unit identified above, Home365 refused to provide either an application or a showing to a prospective tenant.

51.     For several units identified above, Home365 identified occupied units as unoccupied on ledgers provided to Plaintiffs even while they were occupied by subsidized tenants.

52.     For several units identified above, Home365 identified unoccupied units as occupied on ledgers provided to Plaintiffs even when they were unoccupied.

53.     Home365 has failed to provide accurate timely statements of cash receipts and disbursements from the operation of the properties identified in Paragraphs 17-34.

54.     Plaintiffs have at all times acted in good faith in working with Home365.

55.     PSP has performed all duties and obligations required of it.

## IV.    CLAIMS

### COUNT I
### (Breach of Contract— 2709 W Belden Ave Unit 2 Chicago, IL 60647)

56.     Michael Abraham incorporates paragraphs 1 through 55 as if fully stated herein.

57.     On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in Exhibit 3.

58.     The Agreement was validly assigned from PSP to Home365.

59.     Plaintiff, Michael Abraham, relied on Home365 to manage the Property identified in Paragraph 19 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

60.     Michael Abraham has complied with the terms of the Agreement.

61.     Home365 has breached this agreement by failing, refusing and otherwise neglecting its duties pursuant to the contract as detailed above.

62.     Home365 failed to account for funds owed to Michael Abraham and provide said accounting.

63.     Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

64.     As a proximate result of Home365's breach of the agreement between the parties, Michael Abraham has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, MICHAEL ABRAHAM respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT II
## (Breach of Contract— 1431-1433 Kennedy Ave, Schererville, IN 46375)

65.     Bruce J. Spagnola Jr. incorporates paragraphs 1 through 55 as if fully stated herein.

66.     On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 4.

67.     The Agreement was validly assigned from PSP to Home365.

68.     Plaintiff, Bruce J. Spagnola Jr., relied on Home365 to manage the Property identified in Paragraph 20 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

69.     Plaintiff, Bruce J. Spagnola Jr., has complied with the terms of the Agreement.

70.    Home365 has breached this agreement by failing, refusing and otherwise neglecting its duties pursuant to the contract as detailed above.

71.    Home365 failed to account for funds owed to Bruce J. Spagnola Jr. and provide said accounting.

72.    Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

73.    As a proximate result of Home365's breach of the agreement between the parties, Bruce J. Spagnola Jr. has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, BRUCE J. SPAGNOLA JR., respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT III
### (Breach of Contract— 4317-19 S Michigan Ave, Chicago, IL 60653)

74.    9337 Series of the Paper Street Group, LLC incorporates paragraphs 1 through 55 as if fully stated herein.

75.    On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 9.

76.    The Agreement was validly assigned from PSP to Home365.

77.    Plaintiff, 9337 Series of the Paper Street Group, LLC, relied on Home365 to manage the Property identified in Paragraph 25 by placing Home365 in charge of managing

existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

78.    Plaintiff, 9337 Series of the Paper Street Group, LLC, has complied with the terms of the Agreement.

79.    Home365 has breached this agreement by failing, refusing and otherwise neglecting its duties pursuant to the contract as detailed above.

80.    Home365 failed to account for funds owed to 9337 Series of the Paper Street Group LLC and provide said accounting.

81.    Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

82.    As a proximate result of Home365's breach of the agreement between the parties, 9337 Series of the Paper Street Group LLC has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, 9337 SERIES OF THE PAPER STREET GROUP LLC, respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

### COUNT IV
### (Breach of Contract— 5852 W Irving Park Rd., Chicago, IL 60634)

83.    Chicago Title Land Trust 8002387265 incorporates paragraphs 1 through 55 as if fully stated herein.

84.     On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 11.

85.     The Agreement was validly assigned from PSP to Home365.

86.     Plaintiff, Chicago Title Land Trust 8002387265, relied on Home365 to manage the Property identified in Paragraph 27 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

87.     Plaintiff, Chicago Title Land Trust 8002387265, has complied with the terms of the Agreement.

88.     Home365 has breached this agreement by failing, refusing and otherwise neglecting its duties pursuant to the contract as detailed above.

89.     Home365 failed to account for funds owed to Chicago Title Land Trust 8002387265 and provide said accounting.

90.     Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

91.     As a proximate result of Home365's breach of the agreement between the parties, Chicago Title Land Trust 8002387265 has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, CHICAGO TITLE LAND TRUST 8002387265, respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an

amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT V
### (Breach of Contract— 6805 W Montrose Ave., Harwood Heights, IL 60706)

92.     Chicago Title Land Trust 8002387264 incorporates paragraphs 1 through 55 as if fully stated herein.

93.     On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property identified in Paragraph 19 pursuant to the terms identified in Exhibit 12.

94.     The Agreement was validly assigned from PSP to Home365.

95.     Plaintiff, Chicago Title Land Trust 8002387264, relied on Home365 to manage the Property identified in Paragraph 28 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

96.     Plaintiff, Chicago Title Land Trust 8002387264, has complied with the terms of the Agreement.

97.     Home365 has breached this agreement by failing, refusing, and otherwise neglecting its duties pursuant to the contract as detailed above.

98.     Home365 failed to account for funds owed to Chicago Title Land Trust 8002387264 and provide said accounting.

99.     Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

100.    As a proximate result of Home365's breach of the agreement between the parties, Chicago Title Land Trust 8002387264 has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, CHICAGO TITLE LAND TRUST 8002387264, respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT VI
### (Breach of Contract— 500 W 144th St Riverdale, IL 60827)

101.    Chicagoland Reinvestment Group, LLC incorporates paragraphs 1 through 55 as if fully stated herein.

102.    On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in Exhibit 2.

103.    The Agreement was validly assigned from PSP to Home365.

104.    Plaintiff, Chicagoland Reinvestment Group, LLC, relied on Home365 to manage the Property identified in Paragraph 18 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

105.    Plaintiff, Chicagoland Reinvestment Group, LLC, has complied with the terms of the Agreement.

106.    Home365 has breached this agreement by failing, refusing and otherwise neglecting its duties pursuant to the contract as detailed above.

107. Home365 failed to account for funds owed to Chicagoland Reinvestment Group, LLC and provide said accounting.

108. Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

109. As a proximate result of Home365's breach of the agreement between the parties, Chicagoland Reinvestment Group, LLC has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, CHICAGOLAND REINVESTMENT GROUP, LLC respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT VII
### (Breach of Contract— 3429 171st St., Lansing, IL 60438)

110. Luxe Rentals I, LLC incorporates paragraphs 1 through 55 as if fully stated herein.

111. On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 13.

112. The Agreement was validly assigned from PSP to Home365.

113. Plaintiff, Luxe Rentals I, LLC, relied on Home365 to manage the Property identified in Paragraph 29 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

114. Plaintiff, Luxe Rentals I, LLC, has complied with the terms of the Agreement.

115. Home365 has breached this agreement by failing, refusing and otherwise neglecting its duties pursuant to the contract as detailed above.

116. Home365 failed to account for funds owed to Luxe Rentals I, LLC and provide said accounting.

117. Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

118. As a proximate result of Home365's breach of the agreement between the parties, Luxe Rentals I, LLC has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, LUXE RENTALS I, LLC respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

**COUNT VIII**
**(Breach of Contract— 2440 W Madison St, Chicago, IL 60612)**

119. Luxe Rentals II, LLC incorporates paragraphs 1 through 55 as if fully stated herein.

120. On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 6.

121. The Agreement was validly assigned from PSP to Home365.

122. Plaintiff, Luxe Rentals II, LLC, relied on Home365 to manage the Property identified in Paragraph 22 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

123. Plaintiff, Luxe Rentals II, LLC, has complied with the terms of the Agreement.

124.    Home365 has breached this agreement by failing, refusing, and otherwise neglecting its duties pursuant to the contract as detailed above.

125.    Home365 failed to account for funds owed to Luxe Rentals II, LLC and provide said accounting.

126.    Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

127.    As a proximate result of Home365's breach of the agreement between the parties, Luxe Rentals II, LLC has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, LUXE RENTALS II, LLC respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

### COUNT IX
### (Breach of Contract— 2328 N Lawndale Ave., Chicago, IL 60647)

128.    Luxe Rentals III, LLC incorporates paragraphs 1 through 55 as if fully stated herein.

129.    On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 14.

130.    The Agreement was validly assigned from PSP to Home365.

131.    Plaintiff, Luxe Rentals III, LLC, relied on Home365 to manage the Properties identified in Paragraph 30 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

132.    Plaintiff, Luxe Rentals III, LLC, has complied with the terms of the Agreement.

133.    Home365 has breached this agreement by failing, refusing and otherwise neglecting its duties pursuant to the contract as detailed above.

134.    Home365 failed to account for funds owed to Luxe Rentals III, LLC and provide said accounting.

135.    Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

136.    As a proximate result of Home365's breach of the agreement between the parties, Luxe Rentals III, LLC has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, LUXE RENTALS III, LLC respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT X
## (Breach of Contract— 3145 N. Keating Ave., Chicago, IL 60641)

137.    Luxe Rentals IV, LLC incorporates paragraphs 1 through 55 as if fully stated herein.

138.    On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 1.

139.    The Agreement was validly assigned from PSP to Home365.

140.    Plaintiff, Luxe Rentals IV, LLC, relied on Home365 to manage the Property identified in Paragraph 17 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

141.    Plaintiff, Luxe Rentals IV, LLC, has complied with the terms of the Agreement.

142.    Home365 has breached this agreement by failing, refusing, and otherwise neglecting its duties pursuant to the contract as detailed above.

143.    Home365 failed to account for funds owed to Luxe Rentals IV, LLC and provide said accounting.

144.    Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

145.    As a proximate result of Home365's breach of the agreement between the parties, Luxe Rentals IV, LLC has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, LUXE RENTALS IV, LLC respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

### COUNT XI
### (Breach of Contract— 5635-39 W Wellington Ave, Chicago, IL 60634)

146.    Paper Street Group, LLC incorporates paragraphs 1 through 55 as if fully stated herein.

147.    On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 10.

148.    The Agreement was validly assigned from PSP to Home365.

149.    Plaintiff, Paper Street Group, LLC, relied on Home365 to manage the Property identified in Paragraph 26 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

150.    Plaintiff, Paper Street Group, LLC, has complied with the terms of the Agreement.

151.    Home365 has breached this agreement by failing, refusing and otherwise neglecting its duties pursuant to the contract as detailed above.

152.    Home365 failed to account for funds owed to Paper Street Group, LLC and provide said accounting.

153.    Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

154.    As a proximate result of Home365's breach of the agreement between the parties, Paper Street Group, LLC has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, PAPER STREET GROUP, LLC respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT XII
### (Breach of Contract— 2635 44th St, Highland, IN 46322)

155.    Bruce J. Spagnola Jr. incorporates paragraphs 1 through 55 as if fully stated herein.

156.    On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 5.

157.    The Agreement was validly assigned from PSP to Home365.

158.     Plaintiff, Bruce J. Spagnola Jr., relied on Home365 to manage the Property identified in Paragraph 21 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

159.     Plaintiff, Bruce J. Spagnola Jr., has complied with the terms of the Agreement.

160.     Home365 has breached this agreement by failing, refusing, and otherwise neglecting its duties pursuant to the contract as detailed above.

161.     Home365 failed to account for funds owed to Bruce J. Spagnola Jr. and provide said accounting.

162.     Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

163.     As a proximate result of Home365's breach of the agreement between the parties, Bruce J. Spagnola Jr. has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, BRUCE J. SPAGNOLA JR. respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT XIII
### (Breach of Contract— 3046 188th Street, Lansing, IL 60438)

164.     Bruce J. Spagnola Jr. incorporates paragraphs 1 through 55 as if fully stated herein.

165.     On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 18.

166.     The Agreement was validly assigned from PSP to Home365.

167.     Plaintiff, Bruce J. Spagnola Jr., relied on Home365 to manage the Property identified in Paragraph 34 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

168.     Plaintiff, Bruce J. Spagnola Jr., has complied with the terms of the Agreement.

169.     Home365 has breached this agreement by failing, refusing, and otherwise neglecting its duties pursuant to the contract as detailed above.

170.     Home365 failed to account for funds owed to Bruce J. Spagnola Jr. and provide said accounting.

171.     Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

172.     As a proximate result of Home365's breach of the agreement between the parties, Bruce J. Spagnola Jr. has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, BRUCE J. SPAGNOLA JR. respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT XIV
### (Breach of Contract— 4155 W Roscoe St, Chicago, IL 60641)

173.     Luxe Rentals II, LLC incorporates paragraphs 1 through 55 as if fully stated herein.

174.     On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 8.

175.     The Agreement was validly assigned from PSP to Home365.

176.     Plaintiff, Luxe Rentals II, LLC, relied on Home365 to manage the Property identified in Paragraph 24 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

177.     Plaintiff, Luxe Rentals III, LLC, has complied with the terms of the Agreement.

178.     Home365 has breached this agreement by failing, refusing, and otherwise neglecting its duties pursuant to the contract as detailed above.

179.     Home365 failed to account for funds owed to Luxe Rentals II, LLC and provide said accounting.

180.     Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

181.     As a proximate result of Home365's breach of the agreement between the parties, Luxe Rentals III, LLC has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, LUXE RENTALS III, LLC respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT XV
### (Breach of Contract— 4624-26 Evans Ave., Chicago, IL 60653)

182.     Luxe Rentals III, LLC incorporates paragraphs 1 through 55 as if fully stated herein.

183.     On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 15.

184.     The Agreement was validly assigned from PSP to Home365.

185.     Plaintiff, Luxe Rentals III, LLC, relied on Home365 to manage the Properties identified in Paragraph 31 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

186.     Plaintiff, Luxe Rentals III, LLC, has complied with the terms of the Agreement.

187.     Home365 has breached this agreement by failing, refusing and otherwise neglecting its duties pursuant to the contract as detailed above.

188.     Home365 failed to account for funds owed to Luxe Rentals III, LLC and provide said accounting.

189.     Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

190.     As a proximate result of Home365's breach of the agreement between the parties, Luxe Rentals III, LLC has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, LUXE RENTALS III, LLC respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT XVI
### (Breach of Contract— 4014 W Cornelia Ave, Chicago, IL 60641)

191.     Luxe Rentals IV, LLC incorporates paragraphs 1 through 55 as if fully stated herein.

192.     On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 7.

193.    The Agreement was validly assigned from PSP to Home365.

194.    Plaintiff, Luxe Rentals IV, LLC, relied on Home365 to manage the Property identified in Paragraph 23 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

195.    Plaintiff, Luxe Rentals IV, LLC, has complied with the terms of the Agreement.

196.    Home365 has breached this agreement by failing, refusing and otherwise neglecting its duties pursuant to the contract as detailed above.

197.    Home365 failed to account for funds owed to Luxe Rentals IV, LLC and provide said accounting.

198.    Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

199.    As a proximate result of Home365's breach of the agreement between the parties, Luxe Rentals IV, LLC has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, LUXE RENTALS IV, LLC respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

### COUNT XVII
### (Breach of Contract— 1942 N. Pulaski, Chicago IL 60639)

200.    Luxe Rentals IV, LLC incorporates paragraphs 1 through 55 as if fully stated herein.

201.    On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 16.

202.    The Agreement was validly assigned from PSP to Home365.

203.    Plaintiff, Luxe Rentals IV, LLC, relied on Home365 to manage the Property identified in Paragraph 32 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

204.    Plaintiff, Luxe Rentals IV, LLC, has complied with the terms of the Agreement.

205.    Home365 has breached this agreement by failing, refusing and otherwise neglecting its duties pursuant to the contract as detailed above.

206.    Home365 failed to account for funds owed to Luxe Rentals IV, LLC and provide said accounting.

207.    Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

208.    As a proximate result of Home365's breach of the agreement between the parties, Luxe Rentals IV, LLC has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, Luxe Rentals IV, LLC respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT XVII
### (Breach of Contract— 3815 W. Diversey Ave, Chicago, IL 60618)

209.    Luxe Rentals IV, LLC incorporate paragraphs 1 through 55 as if fully stated herein.

210.     On or about April 14, 2022, PSP and Home365 entered into Property Management Agreement whereby Home365 agreed to manage the Property pursuant to the terms identified in in Exhibit 17.

211.     The Agreement was validly assigned from PSP to Home365.

212.     Plaintiff, Luxe Rentals IV, LLC, relied on Home365 to manage the Property identified in Paragraph 33 by placing Home365 in charge of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

213.     Plaintiff, Luxe Rentals IV, LLC, has complied with the terms of the Agreement.

214.     Home365 has breached this agreement by failing, refusing, and otherwise neglecting its duties pursuant to the contract as detailed above.

215.     Home365 failed to account for funds owed to Luxe Rentals IV, LLC and provide said accounting.

216.     Home365 failed to exercise care in carrying out the duties of managing existing tenants, signing new tenants, collecting rents, collecting administrative fees, and overseeing repairs to the property.

217.     As a proximate result of Home365's breach of the agreement between the parties, Luxe Rentals IV, LLC has been damaged in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff, LUXE RENTALS IV, LLC, respectfully requests that this Court enter judgment in his favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT XIX
### (Breach of Fiduciary Duty-Against Home365)

218.     Plaintiffs incorporate paragraphs 1 through 55 as if fully stated herein.

219.     Home365 was empowered to open bank accounts on behalf of Plaintiffs and was the signor on those accounts.

220.     Home365 had a duty to keep and provide accurate accounting.

221.     Home365 owed Plaintiffs fiduciary duties of loyalty and care.

222.     Home365 breached its fiduciary duties to Plaintiffs by, among other things:

a.     Home365 provided two separate accounting ledgers purportedly for the same units on October 17, 2022, and then October 25, 2022, which contained numerous contradictions which Home365 refuses to explain.

b.     Home365 failed to make any payments of monies owed to Plaintiffs in November, 2022.

c.     Home365 paid for its own utility bills out of Plaintiffs' cash flows which was not agreed upon.

d.     Home365 improperly billed Plaintiffs "Final Turnover Fees" which were never agreed upon; and

e.     Otherwise putting its interests ahead of Plaintiffs at Plaintiffs' expense.

223.     The actions described above amount to a breach of the fiduciary duties owed by the Home365 to Plaintiffs.

224.     As a direct and proximate result of Home365's breach of fiduciary duties to Plaintiffs, Plaintiffs were damaged in an amount in excess of $75,000,000.

WHEREFORE, Plaintiffs, MICHAEL ABRAHAM, BRUCE J. SPAGNOLA JR., 9337 SERIES OF THE PAPER STREET GROUP, LLC, CHICAGO TITLE LAND TRUST 8002387265, CHICAGO TITLE LAND TRUST 8002387264, CHICAGOLAND REINVESTMENT GROUP, LLC, LUXE RENTALS I, LLC, LUXE RENTALS II, LLC, LUXE

RENTALS III, LLC, LUXE RENTALS IV, LLC, AND PAPER STREET GROUP, LLC, respectfully requests that this Court enter judgment in their favor and against Defendant, HOME365, LLC, in an amount in excess of $75,000 plus punitive damages in excess of $5,000,000 and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT XX
### (Negligence *Per Se* Violation of Residential Landlord and Tenant Ordinance, 5-12-070)

225.    Plaintiffs incorporate paragraphs 1 through 55 as if fully stated herein.

226.    As PSP's designated agent with power of attorney, Home365 was responsible for complying with Chicago's Residential Landlord and Tenant Ordinance ("RLTO") as it related to the Properties identified in Paragraphs 17, 19, 22, 23, 24, 25, 26, 27, 30, 31, 32, and 33.

227.    Home365 knew or should have known of its obligations under Section 5-12-070 of RLTO.

228.    Section 5-12-070 of RLTO provides: "The landlord shall maintain the premises in compliance with all applicable provisions of the municipal code and shall promptly make any and all repairs necessary to fulfill this obligation."

229.    Home365 owed Plaintiffs a duty to maintain the premises in compliance with all applicable provisions of RTLO and promptly make any and all repairs necessary to fulfill this obligation.

230.    Home365 failing to timely repair the Properties identified in Paragraphs 17, 19, 22, 23, 24, 25, 26, 27, 30, 31, 32, and 33.

231.    Multiple vendors, including but not limited to trash collectors, discontinued service due to at least three months of unpaid bills from Home365. Home365's breach constitutes negligence *per se.*

232.    Home365 is the direct and proximate cause of damage because:

a.      Home365 failed to make timely repairs to the Properties identified in Paragraphs 17, 19, 22, 23, 24, 25, 26, 27, 30, 31, 32, and 33;

b.      Home365 failed to respond to tenants repair requests and lease renewal requests; and

c.      Home365 failed to cooperate with relevant agencies in providing Section 8 housing information, including but not limited to the allocation of costs for utility bills;

233.    An exact dollar amount of damage cannot be determined until an accurate accounting is provided by Home365.

WHEREFORE, Plaintiffs, MICHAEL ABRAHAM, BRUCE J. SPAGNOLA JR., 9337 SERIES OF THE PAPER STREET GROUP, LLC, CHICAGO TITLE LAND TRUST 8002387265, CHICAGO TITLE LAND TRUST 8002387264, CHICAGOLAND REINVESTMENT GROUP, LLC, LUXE RENTALS I, LLC, LUXE RENTALS II, LLC, LUXE RENTALS III, LLC, LUXE RENTALS IV, LLC, and PAPER STREET GROUP, LLC, respectfully requests that the Court enter judgment against Defendant, HOME365, LLC; award compensatory damages in an amount in excess of $75,000, punitive damages in an amount to punish and deter Defendant from engaging in such misconduct in the future, and grant any and all further relief that the Court deems to be necessary or appropriate under the circumstances.

Dated: December 19, 2022                    Respectfully submitted,

                                            **MICHAEL ABRAHAM, BRUCE J. SPAGNOLA JR., 9337 SERIES OF THE PAPER STREET GROUP LLC, CHICAGO TITLE LAND TRUST 8002387265, CHICAGO TITLE LAND TRUST 8002387264, CHICAGOLAND REINVESTMENT GROUP, LLC, LUXE RENTALS I LLC, LUXE RENTALS II**

**LLC, LUXE RENTALS III LLC, LUXE RENTALS IV LLC, and PAPER STREET GROUP LLC**
Plaintiffs,

By: /s/Ross M. Good
One of Their Attorneys

Ross M. Good, Esq.
Alexander N. Loftus, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
office: (312) 899-6625
ross@loftusandeisenberg.com
alex@loftusandeisenberg.com